**H. Harlan STONE, M.D.,
Plaintiff–Appellant,**

**Frederick K. Toy, M.D.; Walter Pegoli,
M.D., Intervenors,**

v.

**UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION; Mary Humphries; John Dennis; Edward Brandt, Jr.; Susan Gillette; Morton I. Rapoport, Defendants–Appellees,**

**The Baltimore Sun Company,
Intervenor.**

**No. 87–3651(A).**

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1988.
Decided Aug. 19, 1988.

---

Norman Roy Grutman (Jewel H. Bjork, Grutman, Miller, Greenspoon & Hendler, Henry P. Monaghan, New York City, John Philip Miller, Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, Md., on brief), for plaintiff-appellant.

Diana G. Motz (Shale D. Stiller, Frank, Bernstein, Conaway & Goldman, on brief), Ralph S. Tyler, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Michael A. Anselmi, William F. Howard, Lawrence White, Asst. Attys. Gen., Baltimore, Md., on brief), for defendants-appellees.

Mary R. Craig (Doyle & Langhoff, Baltimore, Md., on brief), for intervenor.

M. King Hill, Jr. (John R. Penhallegon, Connie E. Williams, Smith, Somerville & Case, Baltimore, Md., on brief), for intervenors.

Before PHILLIPS, ERVIN, and WILKINSON, Circuit Judges.

WILKINSON, Circuit Judge:

In this appeal, we consider the district court's order sealing the entire record in this case. In *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir.1984), this court established a set of procedures which must

be followed when a district court seals judicial records or documents. The district court failed to follow these mandatory procedures in this case. Because this was prejudicial error, we remand with instructions to the district court to reconsider its decision in accordance with *Knight.*

## I.

Dr. Harlan Stone was Chief of the Division of General Surgery and a member of the medical staff of the University of Maryland Medical System Corporation (the Hospital), as well as Professor of Surgery at the University of Maryland School of Medicine. In 1986, malpractice actions were filed against Stone, the Hospital, and several other doctors. An internal peer review committee and an external review committee investigated the situation. On June 13, 1986, Stone met with the individual defendants and resigned his positions. In November, 1986, Stone sued the Hospital, several of its officials, and several officials of the University of Maryland, claiming that he had been forced to resign his positions in violation of his right to due process.

■ On July 22, 1987, the parties moved jointly to seal the record in this case. In a one-sentence order issued the next day, the district court sealed the entire record, with the exception of the complaint, amended complaint and answers. No hearing was held on the motion to seal, and no reasons for the order were stated. In October, 1987, the district court granted the defendants' motion for summary judgment, and Stone appealed. The Baltimore Sun moved in this court to intervene for the limited purpose of challenging the seal order. Drs. Toy and Pegoli, members of the Hospital staff, moved to intervene to challenge the Sun's motion to unseal. Those motions were granted in January, 1988. In an opinion filed contemporaneously with this one, we have affirmed the district court's entry of summary judgment in favor of all defendants.*

* The affirmance of the summary judgment order in this case does not moot the Sun's motion to unseal, because the right of access to judicial

## II.

■ The Sun contends that the order below violates its rights of access to judicial records as protected both by common law and by the First Amendment. The common law presumes a right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion. *See Rushford v. The New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988); *In re Washington Post Co.,* 807 F.2d 383, 390 (4th Cir.1986).

Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest. *Rushford,* 846 F.2d at 253 (citing *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)). Because the First Amendment and the common law provide different levels of protection, it is necessary to determine the source of the Sun's right of access before its claim may be evaluated. The district court's order fails to state whether it is based on the common law or the First Amendment.

■ We note that different levels of protection may attach to the various records and documents involved in this case. While the common law presumption in favor of access attaches to all "judicial records and documents," *Nixon,* 435 U.S. at 597, 98 S.Ct. at 1311, the First Amendment guarantee of access has been extended only to particular judicial records and documents. *See, e.g., Rushford,* 846 F.2d at 253 (documents filed in connection with summary judgment motion in civil case); *In re Washington Post,* 807 F.2d at 390 (documents

records and documents is independent of the disposition of the merits of the case. *See Knight,* 743 F.2d at 233.

filed in connection with plea hearings and sentencing hearings in criminal case). The district court in this case ordered sealed the entire record without indicating exactly what that record contained. On remand, it must determine the source of the right of access with respect to each document sealed. Only then can it accurately weigh the competing interests at stake.

Those competing interests must be weighed in accord with the procedures mandated by *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir.1984). Under *Knight,* a court must first give the public notice of a request to seal and a reasonable opportunity to challenge it. *Id.* at 235. While individual notice is unwarranted, the court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

In this case, the district court failed utterly to meet the requirements of *Knight.* It failed to give notice of the request to seal, to docket it reasonably in advance of deciding the issue, or to provide interested parties an opportunity to object to sealing. The record fails to make clear the circumstances surrounding the entry of the seal order. The Sun suggests that the motion to seal was never docketed and that the order was entered in chambers. Neither the intervening doctors nor the parties dispute this suggestion. What is clear, though, is that the Sun was never given a reasonable opportunity to object to the entry of the order.

The district court's order also fails to state any reasons for its entry or to support those reasons with specific findings. The arguments raised before this court by the intervenors pose serious questions regarding the extent of the competing interests at stake in this case, and the district court's order leaves us guessing as to how it resolved those questions, or whether it even considered them.

### III.

■ Under Maryland law, the proceedings, records, and files of a medical review committee are not discoverable or admissible in civil actions arising out of matters reviewed by the committee. Md. (Health Occ.) Code Ann. § 14–601(d) (1987 Cum. Supp.). The intervening doctors argue that this statute reflects Maryland's strong public policy favoring confidentiality of medical review proceedings and that that policy outweighs the presumption in favor of public access to judicial records. Before sealing the record, the district court should have determined whether the records sealed came within the statute's coverage. If it found that they did, it should have determined whether the right of access nevertheless outweighed the public policy expressed in § 14–601(d). Even if the district court considered these questions before sealing the record, it erred in failing to afford interested parties an opportunity to address them, and in failing to state explicitly its conclusions and to support them with specific findings.

The Sun contends that, even if § 14–601(d) embodies an interest that would support the seal order, the protection afforded by that statute has been waived in this case. Section 14–601(d) does not apply in a civil suit brought by a party to the proceedings of a medical review committee who claims to be aggrieved by the decision of the committee. Md. (Health Occ.) Code Ann. § 14–601(e)(1). The Sun argues that Stone's initiation of this suit, and the introduction into the record of medical review committee documents, constitutes a waiver of the protection of § 14–601(d). The intervening doctors argue that a waiver under § 14–601(e)(1) benefits only a doctor claiming to be aggrieved by a medical review committee decision, and not the public at large. This question of Maryland law must be answered before the competing interests in this case can be weighed. We express no view on these questions at this time. Before arriving at

its own conclusions, however, the district court must hear the contentions of interested parties on the difficult and delicate questions of law in this case.

Finally, the district court was required to consider alternatives before sealing the record. Its order sealed the entire record save for certain pleadings. The breadth of that order is particularly troubling, because it would be an unusual case in which alternatives could not be used to preserve public access to at least a portion of the record. On remand, the district court must provide a clear statement, supported by specific findings, of its reasons for sealing any records or documents, as well as its reasons for rejecting measures less drastic than sealing them.

## IV.

The public's right of access to judicial records and documents may be abrogated only in unusual circumstances. The procedures mandated by *Knight* ensure that the decision to seal records will not be made lightly, and make possible meaningful review of a decision to seal. We do not minimize the difficulty of the district court's task on remand or the significance of the competing interests in this case. The district court's failure to observe the strictures of *Knight* has made it impossible for this court to determine whether the circumstances of this case justify the entry of the seal order. Its judgment is therefore reversed and the case is remanded for further proceedings consistent with this opinion.

In remanding for reconsideration of the decision to seal the entire record, we must in fairness address our contemporaneous decision on the merits of this controversy. We have felt the necessity to disclose in that decision certain portions of the sealed summary judgment record—both by direct quotation and by summarization. This obviously creates some difficulty for the district court upon remand, but it is one we think is unavoidable under the circumstances.

The difficulty could only have been avoided in ways that we conclude are unacceptable. We could simply have decided the sealing issue ourselves, either affirming or modifying the trial court's order, and thereby nullifying its ongoing effect while we considered the principal appeal. *See* Local R. 10.3. We rejected that course because, as we have earlier indicated, the determination required by *In re Knight* is one properly made in the first instance from the superior vantage point of the district court.

Alternatively, we could either have postponed decision on the merits of the underlying cause pending resolution of the sealing issue or we could have decided the underlying appeal with an opinion which avoided any disclosure of material covered by the seal order. The first alternative inevitably would force a prolonged delay in the resolution of the underlying controversy; the second would require a decision on the merits of the underlying cause so cryptic and unrevealing in its rationale as to be rightly suspect—whatever its result.

These unfortunate consequences might be justified or even compelled in some circumstances—for example, where national security interests were involved. But neither is justified here. Here, the district court's order is so manifestly overbroad and so plainly in violation of established procedural safeguards that to allow its entry unduly to delay or compromise our decision on the underlying appeal is simply unacceptable. To honor it completely at this point would violate both indisputable public rights of access to at least a portion of the sealed materials and the rightful expectation of the litigants in the underlying appeal to a prompt and properly explained decision on the merits.

Our solution, seeking to accommodate the conflicting values, has been to disclose in our opinion on the merits the minimal amount of sealed material required to render an acceptably explained decision. Inevitably the result reflects some degree of judgment about the relative strength of arguments for and against rights of public access to particular items in the record. In particular it reflects a desire to disclose as little as possible of the details of those

materials most arguably protected by the Maryland peer review statute. Nothing in the principal opinion is intended to constrict the latitude for uncompromised consideration by the district court of the propriety of sealing the record under the *In re Knight* procedures.

*REMANDED WITH INSTRUCTIONS FOR RECONSIDERATION.*