67 F.3d 296
 23 Media L. Rep. 2486
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re: POLICY MANAGEMENT SYSTEMS CORPORATION, Appellant,
Samuel SPEAR; Lee Foy Early; D.A. Early, III; Frederick
R. Ennis; Jerry Rosenbaum; Barry Roseman, Trustee of Barry
Roseman Profit Sharing Plan; Thomas Moore, on behalf of
themselves and all others similarly situated, Plaintiffs-Appellees,
KNIGHT RIDDER, Incorporated, Intervenor,
v.
ERNST & YOUNG; Arthur Andersen & Company, Defendants.
Samuel SPEAR, on his own behalf and on behalf of all
similarly situated; jerry Rosenbaum; Barry Roseman,
Trustee of Barry Roseman Profit Sharing Plan; Frederick R.
Ennis; D.A. Early, III; William Thomas Moore; Lee Foy
Early, Plaintiffs-Appellees,
KNIGHT RIDDER, Incorporated, Intervenor,
v.
POLICY MANAGEMENT SYSTEMS CORPORATION, Defendant-Appellant,
and
George L. Wilson; Robert L. Gresham; David T. Bailey;
Charles E. Callahan; Bernard C. Mazon; Donald A. Coggiola;
Sterling E. Beale; Lutz F. Hahne; John P. Seibels;
Richard G. Trub; Donald W. Fedderson, Defendants.
 Nos. 94-2254, 94-2341.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1994.
Decided Sept. 13, 1995.
 
 ARGUED: George Taylor Manning, JONES, DAY, REAVIS & POGUE, Washington, DC, for appellant. Terry E. Richardson, Jr., Barnwell, SC, for appellees. James M. Brailsford, III, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, SC, for intervenor. ON BRIEF: R. Dal Burton, David J. Schenck, JONES, DAY, REAVIS & POGUE, Washington, DC, for appellant. Sherrie R. Savett, Catherine A. Sullivan, Genna C. Driscoll, BERGER & MONTAGUE, P.C., Philadelphia, PA; Robert P. Sugarman, Paul D. Young, MILBERG, WEISS, BERSHAD, HYNES & LERACH, New York, NY, for appellees. David W. Robinson, II, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, SC, for intervenor.
 Before RUSSELL and MICHAEL, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Policy Management Systems Corporation ("PMSC") appeals the district court's order to release sealed documents to the public. The documents had been filed as exhibits to a memorandum in opposition to a motion to dismiss in a related case, but the court did not consider them in ruling on the motion. Because we hold that such documents are not entitled to a presumption of public access under either the common law or the First Amendment, we reverse.
 
 I.
 
 2
 PMSC shareholders (the "plaintiffs") filed two shareholder class actions in the United States District Court for the District of South Carolina. In April 1993, the plaintiffs sued PMSC for alleged violations of federal and state securities laws, and for negligent misrepresentation under South Carolina common law. In re Policy Management Sys. Corp., Civ. A. No. 3-93-0807-17 (D.S.C.) ("PMSC "). In April 1994, the plaintiffs filed a complaint alleging similar claims against PMSC's former auditors, Ernst & Young and Arthur Andersen & Co. Spear v. Ernst & Young, Civ. A. No. 3-94-1150-17 (D.S.C.) ("Ernst & Young ").
 
 
 3
 During the course of the PMSC action, the plaintiffs and PMSC reached an agreement to facilitate discovery. On August 26, 1993, the district court entered a confidentiality order consistent with that agreement. The order directed the parties to identify and mark confidential documents, which the clerk of the court would maintain under seal. On September 20, 1993, the court amended the order to comply with the notice and hearing procedures of In re Knight Publishing Co., 743 F.2d 231 (4th Cir.1984), and Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir.1988). When the plaintiffs filed their complaint against PMSC's auditors, the parties agreed to a similar confidentiality order. PMSC was not a defendant in the Ernst & Young action, but it also signed the order.
 
 
 4
 On June 8, 1994, Ernst & Young and Arthur Andersen & Co. filed motions to dismiss in Ernst & Young under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. On July 12, 1994, the plaintiffs filed under seal a memorandum of law in opposition to the motions to dismiss and attached to it an affidavit with exhibits. These exhibits included documents designated as confidential that were produced by Ernst & Young and PMSC's current accountants, Coopers & Lybrand, during discovery in PMSC. The plaintiffs provided notice of the filing to PMSC and to PMSC's auditors. On July 26, 1994, PMSC and Ernst & Young moved to maintain the confidentiality of the documents.
 
 
 5
 On August 15, 1994, the district court granted in part the auditors' motions to dismiss. The court also issued an order requesting the parties to inform the court of their positions on the sealed documents filed by the plaintiffs. In this order, the court stated that it "did not rely upon the documents filed and designated as confidential." After providing notice to the local press, the court conducted a hearing, heard all interested parties, and ordered the unsealing of the documents. On September 30, 1994, the court entered a written order requiring the clerk to release the documents, in redacted form,[1] to the public at 4:00 p.m. on October 3, 1994.
 
 
 6
 On October 3, 1994, PMSC filed in the district court a notice of appeal and a request for a stay of the order to unseal the documents in Ernst & Young.[2] The district court granted the stay pending this appeal. On November 16, 1994, this Court allowed Knight Ridder, Inc., the publisher of The State, a daily newspaper in Columbia, South Carolina, to intervene as an appellee and file a brief. On December 6, 1994, one day prior to oral argument before this Court, PMSC, Ernst & Young, Arthur Andersen & Co., and the plaintiffs notified the district court that they had reached a settlement agreement in both underlying actions. PMSC proceeded with this appeal, however, in order to reverse the district court's order to release the documents.[3] II.
 
 
 7
 As a preliminary matter, we note that this Court has jurisdiction over PMSC's appeal under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). A collateral order is immediately appealable if it: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) cannot be effectively reviewed on appeal from a final judgment. Johnson v. Jones, 115 S.Ct. 2151, 2155 (1995). As indicated by its recent restatement of Cohen, the Supreme Court has abandoned the requirement that the issue on appeal must present a serious and unsettled question. Id.; see Carolina Power & Light Co. v. United States Dep't of Labor, 43 F.3d 912, 916 & n. 3 (4th Cir.1995) (noting that the Supreme Court had omitted the fourth factor from its analysis in Digital Equip. Corp. v. Desktop Direct, Inc., 114 S.Ct. 1992, 1995-96 (1994), but declining to confront the issue of the factor's continued vitality).
 
 
 8
 We find that the district court's order to unseal the documents readily satisfies the three requirements of the collateral order doctrine. First, the court's order has conclusively determined the question of whether the documents are to be unsealed. Second, the issue of public access to documents is important and completely separate from the issues raised in a shareholder derivative action. Finally, PMSC cannot receive effective review on appeal from a final judgment--even if the parties had not settled--because once the documents are released to the public, they cannot be unreleased. Having established this Court's jurisdiction, we turn to the merits of this appeal.
 
 III.
 
 9
 The narrow issue on appeal is whether the documents filed by the plaintiffs are subject to a right of public access.[4] The right of public access derives from two independent sources: the common law and the First Amendment. The common law presumes a right of public access to inspect and copy all judicial records and documents. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir.1988). A court may seal judicial documents if competing interests outweigh the public's common law right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). The court's balancing of interests is reviewable only for abuse of discretion. Nixon, 435 U.S. at 599; Stone, 855 F.2d at 180.
 
 
 10
 Unlike the common law right, the First Amendment guarantee of access has a more limited scope that "has been extended only to particular judicial records and documents." Stone, 855 F.2d at 180. The right of access attaches under the First Amendment if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986), quoted in The Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir.1989). The First Amendment guarantee of access, however, provides much greater protection than the common law right because "it must be shown that the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Stone, 855 F.2d at 180.
 
 A.
 
 11
 We first address the district court's conclusion that "First Amendment considerations arise" when materials are filed with the court. Neither the Supreme Court nor this Court has ever held that the mere filing of a document triggers the First Amendment guarantee of access. In Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir.1988), we held that the First Amendment guarantee applies to documents filed in connection with a summary judgment motion. We noted in Rushford that documents filed as part of a dispositive motion, such as a summary judgment motion, "lose their status of being 'raw fruits of discovery.' " Id. at 252 (quoting In re "Agent Orange" Prod. Liability Litig., 98 F.R.D. 539, 544-45 (E.D.N.Y.1983)). We made this distinction because "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." Id. We also reasoned that the First Amendment guarantee attached in Rushford "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial." Id.
 
 
 12
 We conclude that the First Amendment guarantee of access should not be extended to documents filed in connection with a motion to dismiss. Because such documents are not considered by the court, they do not serve as a substitute for a trial and are more akin to discovery materials. A summary judgment motion requires a district court to examine the entire record, including affidavits and materials beyond the pleadings, to determine whether there is a genuine issue of any material fact and whether the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 817 (4th Cir.1995). A motion to dismiss tests only the facial sufficiency of the complaint; a court may not consider any materials outside the pleadings without providing proper notice and converting the motion into a summary judgment motion. Fed.R.Civ.P. 12(b); see Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 & n. 9 (4th Cir.1991).
 
 
 13
 Although a party can file materials outside the pleadings while seeking court action on a motion to dismiss, the court can rule on the motion without considering the materials. Because documents filed with a motion to dismiss that are excluded by the court do not play any role in the adjudicative process, we find that the documents essentially retain their status as discovery materials and therefore are not subject to the First Amendment guarantee of access.[5] Moreover, public access to documents that a court did not consider would not "play a significant positive role in the functioning of the particular process in question." Press-Enterprise, 478 U.S. at 8.
 
 B.
 
 14
 We turn next to the question of whether documents filed in connection with a motion to dismiss and excluded by the court constitute "judicial documents" subject to the common law presumption of access. Although we have not previously addressed this issue, we note that other circuit courts have applied two standards to determine whether documents filed with a court may be classified as judicial documents. The Third Circuit applies a standard that focuses on the "technical question of whether a document is physically on file with the court." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 782 (3d Cir.1994); see Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 161-62 (3d Cir.1993) (listing cases in which "other courts have also recognized the principle that the filing of a document gives rise to a presumptive right of public access."). The Second Circuit applies a different standard that focuses on the document's use and requires that the document be "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir.1995); see Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986) (stating that "courts have not extended [the common law presumption] beyond materials on which a court relies in determining the litigants' substantive rights").
 
 
 15
 We hold that the mere filing of a document with a court does not render the document judicial. Amodeo, 44 F.3d at 145. We agree with the Second Circuit that a document becomes a judicial document when a court uses it in determining litigants' substantive rights. Id. Therefore, we conclude that a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach. See id.
 
 
 16
 As we discussed above, the documents in this case did not play any role in the district court's adjudication of the motion to dismiss. The documents were filed with the court in connection with a motion to dismiss, but the court did not convert the motion into a motion for summary judgment, and thus excluded the documents from consideration. Because the documents played no role in the court's adjudication of the motion to dismiss, we hold that the documents did not achieve the status of judicial documents to which the common law presumption of public access attaches.
 
 IV.
 
 17
 For the foregoing reasons, we reverse the district court's order to unseal the documents filed by the plaintiffs.
 
 REVERSED
 MICHAEL, Circuit Judge, dissenting:
 
 18
 The question before us is whether the common law presumption of public access should apply to sealed documents submitted on a motion to dismiss. If (as the majority decides today) it does not, then a judge alone may determine the worth of such documents without any prospect of public scrutiny or accountability. Because our history and tradition dictate that the ultimate review of judicial decisions rests with the public, I must respectfully dissent.
 
 
 19
 "[T]he courts in this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). This common law right of access is not absolute. It is subject to an inclusive balancing test. The balancing test permits the common law presumption of access to be "overcome if competing interests outweigh the interest in access." Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir.1988). And, "the decision as to access is one best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599. Therefore, we reverse a district court's decision to grant or deny access on common law grounds only for abuse of discretion. Stone, 855 F.2d at 180; Rushford v. The New Yorker Magazine Inc., 846 F.2d 249, 253 (4th Cir.1988).
 
 
 20
 We also recognize a First Amendment right of public access to certain documents and exhibits in the possession of a court. See, e.g., Rushford, 846 F.2d at 252 (documents filed in connection with a summary judgment motion in a civil case); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir.1986) (documents filed in connection with plea hearings and sentencing hearings in a criminal case). If the First Amendment right attaches, then public access may be denied only if a "compelling governmental interest" exists, and the denial is "narrowly tailored to serve that interest." Stone, 855 F.2d 180; accord Rushford, 846 F.2d at 253.
 
 
 21
 In this case the district court did note that background constitutional considerations arise whenever a document is filed with a court, but it applied only the common law balancing test to determine that the public should have access to the documents. Specifically, the court cited the following proposition from In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984):
 
 
 22
 The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.
 
 
 23
 The citation from Knight is based on Nixon. Both Knight and Nixon involved only the common law right of access; neither decision applied the First Amendment. Therefore, despite the district court's passing reference to the First Amendment, it clearly applied the common law test to determine that the documents should be released.
 
 
 24
 The majority says that was error, not because the district court misapplied the common law test but because the common law test does not apply. The majority opines that the common law right of public access does not attach to documents merely filed with the court. Under the majority's rule, the common law right of public access only attaches when a document plays a "relevant and useful role in the adjudication process." Ante at 9.
 
 
 25
 While I might agree that the presumption of openness does not automatically attach to every document filed with the court, cf. Seattle Times v. Rhinehart, 467 U.S. 20, 33 n. 19 (1984), where, as here, the documents are filed in connection with a potentially dispositive motion, the presumption must attach. To hold otherwise makes the court both the judge on the motion and the unchallengeable censor who may deny public access to materials offered on a motion that may end the case. It is, of course, the court's duty and responsibility to act as judge. But absent compelling reasons, the court is without authority to act as censor.
 
 
 26
 The reason for this is quite simple: like a decision on a motion for summary judgment, a decision on a motion to dismiss determines substantive rights. Under Federal Rule of Civil Procedure 12(b)(6), a court decides whether a party has stated a claim upon which relief can be granted. In doing this, a court must measure the factual allegations in the complaint against the legal theory invoked. The resulting decision is a determination of substantive rights. Because substantive rights are being determined, the presumption of openness must attach. Rushford, 846 F.2d at 252 ("Once documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery.") (citation and internal quotes omitted).[1]
 
 
 27
 The majority sidesteps this logic, asserting that a court is not required to consider documents submitted on a motion to dismiss. Ante at 8. That is true, but before a court can decide not to consider documents submitted on the motion, the court must decide (1) whether the documents are necessary to reach a decision on the motion, (2) whether the documents may be considered without converting the motion into a summary judgment motion, or (3) whether to convert the motion into a summary judgment motion.[2] Unless our position is that a district court can arbitrarily reject or ignore documents submitted on a motion to dismiss, a court's decision not to rely on documents still means that at some level the documents were in fact considered.[3]
 
 
 28
 Because the documents are examined at some level, the common law right of access must attach in order to protect the public's ability to keep a "watchful eye on the workings of public agencies" and a newspaper's ability to comment upon the "operation of government." Nixon, 435 U.S. at 597-98. Indeed, the documents become "relevant and useful" because it is the public's function to evaluate the judge's performance and to determine whether the documents should have been used in deciding the motion. Under the majority's approach, however, the public's right to watch the operation of its government becomes solely dependent on the judge's view of the importance of any given document. That is not a sufficient check under our system.
 
 
 29
 In addition, the majority's rule undermines the procedural protections our prior cases have routinely afforded the public. If the majority is correct, then a court can seal records which it deems irrelevant or useless without notice. If a judge can seal documents without notice, then only a mind reader could contest the judge's decision. In short, the judge has been shielded from public scrutiny. The majority goes against our time-honored practice of giving the public notice of any intention to seal a judicial record and an opportunity to contest such sealing. Knight, 743 F.2d at 231; Stone, 855 F.2d at 181. These procedural protections guard the interests identified in Nixon. They preserve the public's right to observe the operation of its courts. They insure that abrogation of the public's access right only occurs in special circumstances. And they permit meaningful appellate review of a district court's decision to seal a record. Stone, 855 F.2d at 182. However, under the majority's approach, these protections no longer attach if the district court deems documents useless. I believe this undermines our circuit's Knight/Stone line of cases which established and applied procedures to protect a broad public right of access.
 
 
 30
 Finally, I do not doubt that the occasion may arise where a party submits documents in bad faith on a motion to dismiss--an allegation made by PMSC (and rejected by the district court) in this case. Yet, to remedy this concern, we should not restrict the common law right of access. Even though the presumption of openness attaches to documents submitted in bad faith, a court has appropriate measures available. If action is warranted, then the imposition of sanctions, not censorship, should be considered. Moreover, the balancing test should apply in all events, and that allows the good (or bad) faith of the offeror of documents to be taken into account.
 
 
 31
 The majority's holding is an alarming (albeit fairly narrow) exception to the venerable common law presumption of public access to judicial records. The district court was right to apply the common law balancing test here and to order "the majority of the documents ... unsealed."[4] I would therefore affirm.
 
 
 
 [1]
 The court ordered that all customer lists, revenues generated by those accounts, and fees charged by the accounting firms would be redacted. Additionally, the court found that an in-house check list prepared by Coopers & Lybrand was proprietary information that should remain sealed
 
 
 [2]
 Apparently the clerk of the district court also filed the notice in PMSC, causing the clerk of the Fourth Circuit to create a separate case number, which was consolidated with this action
 
 
 [3]
 We note that the settlement, which was approved by the district court on May 26, 1995, does not moot PMSC's appeal because the settlement did not include Knight-Ridder. Furthermore, "the right of access to judicial records and documents is independent of the disposition of the merits of the case." Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 n.* (4th Cir.1988) (citing Knight, 743 F.2d at 233)
 
 
 [4]
 The plaintiffs filed a motion requesting this Court to amend the docketing statement to reflect their reformulation of the issue on appeal. We deny the plaintiffs' motion because it is sufficient for an appellee "dissatisfied with the statement of the appellant" to present a statement of the issue in its brief, which the plaintiffs did. See Fed. R.App. P. 28
 
 
 [5]
 Naturally, if the court converts the motion to dismiss into a motion for summary judgment, then the First Amendment guarantee of access attaches under Rushford
 
 
 [1]
 If a First Amendment right of access attaches to documents filed as part of a dispositive motion, then the less protective common law right of access attaches as well. In re Washington Post Co., 807 F.2d at 390 ("The common law does not afford as much substantive protection to the interests of the press and public as the First Amendment does.")
 
 
 [2]
 The majority apparently believes that when documents are submitted on a motion to dismiss, the court may decide only to reject the documents or convert the motion into one for summary judgment. Ante at 8 & 9. In practice, however, courts do on occasion (particularly in securities fraud cases) consider tendered documents in deciding Rule 12(b)(6) motions. See, e.g., In re Medimmune, Inc. Sec. Litig., 873 F.Supp. 953, 957 n. 3 (D.Md.1995) (citing Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir.1991), cert. denied, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992)). See also New Beckley Min. v. International Union, UMWA, 18 F.3d 1161, 1164 (4th Cir.1994) (affirming district court's decision to consider certain documents on motion to dismiss in RICO action)
 
 
 [3]
 The district court here said that in deciding the motion to dismiss, it "didn't see a need to rely on" the documents filed under seal with plaintiffs' memorandum in opposition
 
 
 [4]
 In applying the balancing test, the district court decided to "redact those portions of the documents ... which the court finds to be proprietary and trade secret information deserving of confidentiality."